Brewer, J.
This case turns on the validity of a tax deed. The sale was in 1864 for the taxes of 1863. The deed was made in 1866, and had been of record more than two years prior to the com- . mencement of this suit. Three objections are *made to this deed: First, an insufficiency in the description of the property sold and conveyed; second, the omission of the words “time • and,” from that part which recites the offer of the purchaser; and, third, that the tax law itself was never passed in a constitutional manner. Of these in their order.
1. A full description of the property is: “Lot No. two hundred and > forty-one, (241,) Kansas avenue, in the city of Topeka, Shawnee ■ county, Kansas.” It is so described in the first part of the tax deed, which recites that it was subject to taxation for the year 1863. Fol- . lowing the form prescribed in the Compiled Laws, p. 878, § 10, it is . referred to as “said real property” where it is stated that the taxes remained due and unpaid; and, again, as “the real property above dé- - *305 scribed, ” where the offer of sale is recited. Passing on, the deed reads thus: “And whereas, at the place aforesaid, W. & W., of the county of Shawnee and state of Kansas, having offered to pay the sum of $4.81, being the whole amount of taxes, interest, and cost then due and remaining unpaid on said property for lot 241, Kansas avenue, city of Topeka, which was the least quantity bid for.”
In the granting clause, at the close of the deed, it is referred to as “the real property last hereinbefore described,” and the last description is that in the language quoted. The objection is that the county and state are omitted in this description, which is the description of the property sold; that the court will not take notice how many cities there are of the same name, nor which one might be meant, and that, therefore, the description is void for uncertainty. Conceding for the purpose of the argument, that this description, standing by itself, might be open to attack, yet, taken in connection with the other descriptions, and construing all the parts of the deed together, it seems to us ample and complete. A tax deed, like any other instrument, is to be construed as a whole; and, if any uncertainty in one part is made certain by another, the deed as a whole is sufficient. This deed shows that a single piece of property was subject to taxation, and was offered for sale, and that the purchaser bid a certain amount, being the *whole amount of the taxes, etc., for that which was the least quantity bid for, — quantity of what? Why, of that which was offered for sale. A single lot was offered; a single lot was sold. It could not be a lot in any other city of Topeka than that in Shawnee county, for it would not then be a quantity of that offered for sale. The fact that the deed shows that the property sold was part of the property offered for sale demonstrates the county and state. It is as clear and certain as though the word “said” were before the description.
2. The second objection is that the words “time and” are omitted from that part which recites the offer of the purchaser. That part we have quoted heretofore. The form in the statute is, “And whereas, at the time and place aforesaid.” The language of the deed is, “And whereas, at the place aforesaid.” An exact compliance with the form of the statute is not indispensable. A substantial compliance is all that the statute calls for. Comp. Laws, 878, § 10. The time at which the sale is made is of course material, for a sale at a time unauthorized by law is void, and passes no title. Park v. Tinkham, 9 Kan. *615. The deed, then, should by fair construction show the time of the sale. If it follow the statutory form, this of course.would be sufficient; but, if it depart therefrom, its departure should not be such as to leave uncertain that which was made'-certain by that form, to-wit, the time of sale. If we analyze a public sale we find four different acts necessary to complete it: (1) The offer of the property for sale; (2) the bid of the purchaser; (3) the striking off of the property to him; and (4) the payment of the price. The certificate *306 issued, or writing given thereafter, is no part of the sale, but simply evidence of it. Now, of these four parts the first three must be contemporaneous. The bid must be made while the property is being offered for sale; otherwise the sale, if made, is a private and not a public sale; and for the same reason the property must be struck off to the bidder before the public offer is withdrawn or ended. So that a deed which recites the time at which property is offered *for sale at public sale, and then that a bid therefor was made, and the property struck off to the bidder, shows the time of these last two acts as clearly as though it recited that the bid was made at “said time,” and the property struck off at “said time.” The deed in controversy recites the time that the sale for delinquent taxes commenced, and the day upon which this particular lot was put up for sale. It does not say that it was exposed for sale upon this and subsequent days; nor under the rule, expressio unius exclusio alterius, can there be any other understanding of the words of the deed than that the property was put up for sale only upon that day. It then says that certain parties bid for the property, and it was struck off to them. As heretofore stated, these two acts must have taken place during the time of the offer, and therefore on the day named, or the sale was not a public sale. But it may be said, is not the language used consistent with the idea that no offer or sale was made at the time it was exposed to public sale, and that thereafter an offer was made and a private sale effected? Not at all. To speak of property .sold at private sale as having been struck off to the highest bidder is, to say the least, an extraordinary and unnatural use of language, .and this instrument, though a tax deed, must be construed according to the ordinary and natural meaning of the words used. It seems to us, therefore, that the deed is, notwithstanding the omission of these words, substantially in the form prescribed, and upon the face of it valid. We are confirmed in this view by the fact that in the tax laws subsequent to that of 1862, to-wit, those of 1866 and 1868, these very words are omitted from the otherwise almost unchanged form. Laws 1866, p. 283, § 89; Gen. St. p. 1055, § 112.
The remaining objection is that the tax law itself was never passed in the manner prescribed by the constitution, and is therefore no law at all. Upon this question findings of fact were made, and are preserved in the record. This court is unanimous in the opinion that,' so far as any question in this court is concerned, the law was a legal enactment, and valid; but the members of the court differ in the reasons by *which they reach this conclusion. It is unnecessary, therefore, to do more than state the conclusion, without attempting to give in detail the individual • views of the justices.
It becomes our duty, therefore, to reverse the judgment of the district court. The case is before us on findings of fact by the district court. No exception was taken by the defendant in error to any of *307 these findings; no motion made to set any of them aside; The testimony is not preserved in the record. Under these circumstances, in pursuance of section 559 of the Code, the order must be to reverse the judgment of the district court, and remand the case with instructions to enter judgment in that court in favor of defendants there, plaintiffs in error here.
(All the justices concurring.)